Mitchell LEBOEUF

v.

CANAL BARGE COMPANY, INC.

No. Civ.A.00–3686.

United States District Court, E.D. Louisiana.

Feb. 4, 2002.

---

Charles Clarence Bourque, Jr., Christopher John St. Martin, St. Martin & Williams, Houma, LA, for Plaintiff.

Glenn Gill Goodier, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Robert Perry McCleskey, Jr., Evan T. Caffrey, Phelps Dunbar, LLP, New Orleans, LA, for Defendant.

## MINUTE ENTRY

BARBIER, District Judge.

Before the Court is the **Motion for Summary Judgment** (Rec.Doc. 22) filed by third-party defendant, Baker/MO Services, Inc. ("Baker"). Defendant, Canal Barge Company, Inc. ("CBC"), opposes the motion. The motion, set for hearing on November 7, 2001, is before the Court on briefs without oral argument. In its motion, Baker argues that CBC's claim against it for contractual indemnity is void under the Louisiana Oilfield Anti–Indemnity Act, LA.REV.STAT. § 9:2780, subd. B (1991). For the reasons that follow, the Court finds that Baker's motion should be granted.

### *BACKGROUND*

On April 14, 1992, third-party defendant Baker entered into an operating agreement ("Operations Agreement") with Freeport–McMoran ("Freeport"), through which Baker agreed to perform services for Freeport's oil and gas operations on Freeport's MP 299 platforms.[1] At some point, Freeport also entered into a separate contract with CBC ("CBC–Freeport Agreement") for CBC to transport equipment and supplies to the platforms on the M/V LUTZ, owned by Freeport but bareboat chartered to CBC. Eventually, Freeport requested use of the LUTZ to transport personnel as well as equipment and supplies; however, CBC balked at assuming the additional risk of transporting crew to the platforms on board the LUTZ. To allay these concerns, on May 7, 1999, Freeport and Baker entered into what the par-

---

1. The parties do not dispute that the platforms are located on the Outer Continental Shelf adjacent to the State of Louisiana.

ties have referred to as the "Second Amendment." This "Second Amendment" became part of the existing Operations Agreement between Freeport and Baker. Under the amended agreement, Baker now agreed to indemnify both Freeport and CBC for any injuries caused by their own (or others') negligence or the unseaworthiness of any vessel.

On December 17, 1999, while the Operations Agreement (including the Second Amendment), and the CBC–Freeport contract were both in effect, plaintiff Mitchell LeBoeuf ("LeBoeuf"), an employee of Baker,[2] was injured while assigned by his employer to perform oil and gas related services on a Freeport platform pursuant to the Freeport–Baker Operations Agreement. On the date of his injury, LeBoeuf's superiors instructed him to board the LUTZ.[3] LeBoeuf attempted to board the vessel via a personnel basket attached to a crane on the platform. When LeBoeuf stepped off the basket and on to the LUTZ's deck, he tripped and fell over drill pipe lying on the deck. As a result, he suffered a herniated lumbar disc and other injuries.

On December 14, 2000, LeBoeuf filed a complaint in this Court against CBC alleging negligence under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C.A. § 905(b) ("LHWCA") and General Maritime Law. CBC filed a third-party complaint against Baker, alleging that Baker must indemnify CBC for any liability in this matter, pursuant to the Second Amendment to the Freeport/Baker Operations Agreement.

In the instant motion, Baker moves for summary judgment claiming that under Fifth Circuit precedent interpreting the Outer Continental Shelf Lands Act, 43 U.S.C.A. § 1331 *et seq.* ("OCSLA"), Louisiana state law applies to this action, and as a result, the Louisiana Oilfield Anti–Indemnity Act, LA.REV.STAT. § 9:2780, subd. B (1991) ("LOIA") nullifies any agreement by Baker to indemnify Freeport or CBC for their own negligence.

### *SUMMARY JUDGMENT STANDARD*

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper once the record shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). This language "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an essential element to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322, 106 S.Ct. at 2552.

While the moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact, once that is satisfied, the burden shifts to the non-movant, who must then come forward with specific facts to show that there is a genuine issue for trial. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994) (*en banc*) (citing *Celotex* ). The party op-

---

**2.** In plaintiff's complaint, LeBoeuf is erroneously described as a Freeport employee. Complaint, ¶ 4. Plaintiff's counsel has informed the Court the LeBoeuf in fact worked for Baker. This fact is apparently not disputed by any party.

**3.** The purpose for which LeBoeuf was directed to board the LUTZ on this occasion is not clear, but apparently it was not to be transported, but rather to assist in platform-related operations, e.g., offloading supplies. As discussed *infra* at note 6, if this is the case, it substantially weakens CBC's position.

posing summary judgment and who bears the burden of proof at trial must then go beyond the pleadings, and designate by affidavits or depositions, answers and admissions in the record, specific facts showing the existence of a genuine issue for trial. *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2553. "Neither conclusory allegations nor 'unsubstantiated assertions' will satisfy the nonmovant's burden." *Wallace v. Texas Tech University*, 80 F.3d 1042, 1047 (5th Cir.1996).

## DISCUSSION

At issue in this case is whether Louisiana state law, specifically the LOIA, applies to the contract under which plaintiff was working at the time of his injury. In *Hodgen v. Forest Oil Corporation*, the Fifth Circuit clarified the test courts should apply to determine whether state law applies in an action falling under the OCSLA. *Hodgen v. Forest Oil Corp.*, 87 F.3d 1512, 1524 (5th Cir.1996) (noting the previous conflicts within the circuit). In *Hodgen*, the plaintiff suffered injuries when he attempted to transfer via swing rope from an oil platform to a transport vessel. *Id.* at 1516. The plaintiff was an employee of one of the third-party defendants, Operators & Consulting Services ("OCS"), which provided services for the maintenance and operation of defendant Forest Oil Corporation's ("Forest") platforms in the Gulf of Mexico on the Outer Continental Shelf. *Id.* at 1515. OCS and Forest had entered into a contract by which OCS agreed to indemnify Forest if any of OCS's employees were injured as a result of their work for Forest.[4] *Id.* at 1522. The Fifth Circuit affirmed the decision of the district court, which found that the LOIA, LA.REV.STAT. § 9:2780, subd. B (1991),[5] applied and consequently voided the indemnity provision. *Hodgen*, 87 F.3d at 1522 (citing *Hodgen v. Forest Oil Corp.*, 862 F.Supp. 1560 (W.D.La.1994)).

In determining whether state law would apply in an action arising under OCSLA, the Fifth Circuit directed trial courts to apply the three-part test formulated in *Union Texas Petroleum Corporation v. PLT Engineering*, 895 F.2d 1043, 1047 (5th Cir.1990):

---

4. The language of the contract between OCS and Forest is substantially similar to the contractual provision between Baker and Freeport. Baker, as Contractor, agreed to

> ... protect, defend, indemnify, and hold OWNER [Freeport], Chevron U.S.A. Production Company ("Chevron"), Canal Barge Company, Inc. ("Canal Barge") and their respective co-owners and joint operators of oil, gas and/or other mineral leases, harmless from and against all claims, demands, and causes of action of any and every type and character, without limit and without regard to the cause or causes thereof which are related in any way to performance by CONTRACTOR GROUP [Baker] under this Agreement and which arise in favor of or are made by CONTRACTOR GROUP due to personal injury, death, or property damages, whether or not caused by the joint, concurrent and/or sole negli-

gence of OWNER GROUP, Chevron, Canal Barge or CONTRACTOR GROUP and/or the unseaworthiness of any vessel....

Baker's Ex. M at 1.

5. LOIA provides that:

> Any provision contained in, collateral to, or affecting an agreement pertaining to a well for oil, gas, or water, or drilling for minerals which occur in a solid, liquid, gaseous, or other state, is void and unenforceable to the extent that it purports to or does provide for defense or indemnity, or either, to the indemnitee against loss or liability for damages arising out of or resulting from death or bodily injury to persons, which is caused by or results from the sole or concurrent negligence or fault (strict liability) of the indemnitee, or an agent, employee, or an independent contractor who is directly responsible to the indemnitee.

LA.REV.STAT. § 9:2780, subd. B (1991).

(1) The controversy must arise on a situs covered by OCSLA (i.e. the subsoil, seabed, or artificial structures permanently or temporarily attached thereto). (2) Federal maritime law must not apply of its own force. (3) The state law must not be inconsistent with Federal law.

*Hodgen,* 87 F.3d at 1523 (quoting *PLT,* 895 F.2d at 1047). If all three elements are satisfied, state law applies.

■ In the case at bar, all three prongs of the *PLT* test are satisfied. First, the situs requirement is met because like the plaintiff in *Hodgen,* LeBoeuf was injured as he attempted to transfer from the OCSLA platform to a vessel. *Hodgen,* 87 F.3d at 1527 (explicitly rejecting a rigid physical contact requirement, and finding the situs requirement satisfied where the plaintiff swung on a rope attached to the platform and actually sustained his injuries when he landed on the transporting vessel).

As for the second *PLT* prong, i.e., whether maritime law applies of its own force, the Fifth Circuit has promulgated the test set forth in *Davis & Sons, Incorporated v. Gulf Oil Corporation,* 919 F.2d 313 (5th Cir.1990). *Hodgen,* 87 F.3d at 1526. The six-pronged *Davis* test addresses the question whether a contract is maritime in nature in cases where a contract's "historical treatment in the jurisprudence" does not resolve the issue. 919 F.2d at 316. The *Davis* test requires that a court make inquiry regarding:

1) what does the specific work order in effect at the time of injury provide? 2) what did the crew assigned under the work order actually do? 3) was the crew assigned to work aboard a vessel in navigable waters 4) to what extent did the

work being done relate to the mission of that vessel? 5) what was the principal work of the injured worker? and 6) what work was the injured worker actually doing at the time of injury?

*Hodgen,* 87 F.3d at 1527–28 (quoting *Davis,* 919 F.2d at 316).

In the case at bar, it is undisputed that "all work performed by Baker for Freeport was related exclusively to Freeport's fixed platforms." Affidavit of John Hickman, ¶ 7, attached as Exh. 1 to Baker's Memo in Supp. of MSJ (Rec.Doc. 22). Plaintiff was assigned to operate and maintain Freeport's fixed platforms, and he was actually engaged in that work at the time of his injury. Baker's crew, which included plaintiff, was not assigned to work aboard a vessel in navigable waters; their transportation to and from platforms was incidental to their work on Freeport's platforms. In fact, it is not seriously disputed that Baker's employees were often transported via helicopter. Aff. of John Hickman, ¶ 10.[6] And finally, the work in which Plaintiff was engaged had no bearing on the mission of the LUTZ, the vessel on which he was injured. Thus, the Court's consideration of the *Davis* factors leads to the conclusion that the contract between Freeport and Baker was non-maritime, and therefore, the second requirement of the *PLT* test is met here.

With respect to CBC's argument that the "Second Amendment" to the Freeport–Baker contract rendered the contract a mixed contract containing a severable, maritime provision governing the marine transportation of Baker employees by CBC, the Court makes two observations. First, in *Hodgen,* the identical argument

---

**6.** Hickman avers that Baker personnel were usually transported by helicopter. In its traverse to Baker's statement of uncontested facts, CBC takes issue with the term "usually" suggesting that it is "subject to interpretation

and vague;" however, CBC does not dispute the fact that Baker personnel were sometimes transported to rigs by helicopter. CBC's Response to Baker's Uncontested Facts, ¶ 10.

was advanced by defendant Forest and rejected on the basis that a maritime contract does not arise from a non-maritime contract simply by virtue of the crew using vessels as a means of transportation and alighting from them onto platforms. *Hodgen*, 87 F.3d at 1528; *see also Hollier v. Union Texas Petroleum Corp.*, 972 F.2d 662, 665 (5th Cir.1992). Second, in this case, the only marine transportation contract involved is the one between Freeport and CBC—Baker is not even a party to that entirely separate agreement, which is also not the agreement the plaintiff was working under at the time of his injury.

With respect to the third prong of the *PLT* test, LOIA is consistent with federal law. The Fifth Circuit in *Hodgen* reaffirmed its previous decisions finding LOIA to be consistent with federal law and, in fact, declined to reconsider that precedent. *Hodgen*, 87 F.3d at 1528.

In conclusion, all three elements of the *PLT* test are met and, as a result, this Court finds that state law governs the contract between Freeport and Baker. Accordingly, the LOIA nullifies Baker's agreement to indemnify CBC.[7] Because Louisiana law invalidates Baker's contractual indemnity obligation, CBC no longer has a cause of action under that contract against Baker.[8] Therefore,

**IT IS ORDERED** that Baker/MO Services, Inc.'s **Motion for Summary Judgment** (Rec.Doc. 22) should be and is hereby GRANTED, and Canal Barge Company, Inc.'s third-party claim is hereby DISMISSED with prejudice.

---

7. Because of this conclusion, the Court does not reach the question of whether the indemnity provision would otherwise be valid or applicable in this case. It pauses briefly here, however, to observe that while LeBoeuf's purpose in boarding the LUTZ is unclear (see *supra*, note 3), if it were not to be transported, arguably, a contract to indemnify CBC for liability resulting from its marine transportation activities would not apply anyway.

8. In the event that LeBoeuf was on the LUTZ for the purpose of being transported, the Court recognizes that the result reached herein runs contrary to exactly what CBC hoped to accomplish when it balked at assuming crew transport duties until an indemnity agreement in its favor had been confected. It appears from the affidavits filed with CBC's opposition that the sole purpose of the "Second Amendment" was to eliminate the exposure which CBC now faces. Unfortunately for CBC, however, the legislature enacted the LOIA for the express purpose of invalidating such indemnity agreements.